IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIE GAME STUDIOS, LLC<br>a Delaware Limited Liability Company,<br>d/b/a Stronghold Games LLC<br><br>    Plaintiff,<br><br>v.<br><br>PLAN B GAMES, INC.<br>a Canadian corporation, and<br><br>PLAN B GAMES EUROPE GMBH,<br>a German company,<br><br>    Defendant(s). | Case No. 1:19-cv-1492-SEB-MJD |

**MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE OF PROCESS**

Plaintiff, INDIE GAME STUDIOS, LLC, d/b/a Stronghold Games LLC ("Plaintiff" or "Stronghold"), by and through its undersigned attorneys hereby moves under Fed. R. Civ. P. 4(m) and 6(b) and S.D. Ind. L.R. 6-1(a) for an extension of time to and including August 19, 2019 in which to serve process upon the named Defendants, and for its motion states:

*A. Procedural background*

The Complaint in this action was filed on April 15, 2019.  DE 1.  An updated Complaint was filed on April 19, 2019.  DE 6.  A Notice of Lawsuit and Request to Waive Service of a Summons were filed on April 19, 2019.  DE 7.  The Notices and Waivers were couriered to Defendants on April 22, 2019, and were received by Defendants.

B. *Negotiations with Defendants' counsel, Burt Ehrlich, regarding (1) early resolution and (2) Defendants' agreement to waive service for Plaintiff's agreement to an extension to Answer*

On or about May 30, 2019, Burt Ehrlich, Esq. from Ladas & Parry called Patrick Olmstead, counsel for Plaintiff.  Burt provided, in relevant part:  "I am going to represent the Defendant in the case you filed, Indie Games Studios vs. Plan B, Inc. . .  We are probably going to accept the Waiver of Service.  I don't see any reason not to.  So, we will probably be sending you that back.  But I don't have the final go ahead on that."  The undersigned counsel discussed a possible early resolution of the matter, including a possible sales/license agreement and its terms.

On or about June 13, 2019 and June 19, 2019, Mr. Ehrlich and Mr. Olmstead spoke again.  Mr. Ehrlich indicated that the waiver of service of process would be sent by Plan B, Inc. but that he had not been retained by Plan B GmbH yet.  Mr. Ehrlich requested Plaintiff's agreement to a 30-day extension of Defendants' Answer deadline if both named Defendants provided waivers of service – Mr. Olmstead agreed and promised to email his confirmation.  As for early resolution, Mr. Ehrlich explained that Plan B might not agree to certain terms of a license/sales agreement, so he requested an initial settlement demand as an alternative if the sales/license agreement could not be finalized.  On June 20, 2019, per Defendants' request, Mr. Olmstead e-mailed:  (1) Plaintiff's agreement to a 30 day extension to Answer the Complaint if the named Defendants provided the waivers of service of process, and (2) Plaintiff's initial settlement demand (if a sales/license agreement could not be reached).  Plan B did not respond to either e-mail.

On June 28, 2019, Mr. Olmstead followed-up by e-mail, asking for confirmation of Defendants' intentions regarding the waivers:

> Burt,

> Last week we provided written confirmation of an agreement to an extension to Answer the Complaint, if your client(s) provided signed waivers of service.
>
> To date, we do not recall receiving the waivers of service from you.
>
> If Plan B is not going to provide the waiver(s), then we are required to move forward with effecting service. As we explained to Plan B, we have estimates of costs of approximately $4,000 for the required translations per the Hague Convention. Per the Federal Rules, we will be seeking reimbursement of those costs.
>
> Please provide us the written waivers by 14:00 CT, Tuesday, July 2 (or at the very least electronic confirmation that your client has agreed to waive service, so we can provide this to the Court). Otherwise, we will need to proceed with the translations to accomplish service in accordance with the Civil Rules.
>
> Thanks in advance,
>
> Patrick J. Olmstead, Jr.

Plan B did not respond.

On Tuesday, July 2, the undersigned counsel called the office of Burt Ehrlich and left a message with his assistant following up on the June 28, 2019 e-mail; she said she would ask Mr. Ehrlich to call the undersigned counsel. Plan B did not respond.

*C. Motion for Extension for Service of Process*

The waivers of service of process were sent on or about April 22, 2019. Pursuant to Fed. R. Civ. P. 4(d)(F), Plaintiff was required to give the foreign named Defendants "at least 60 days" to return the waiver(s). Pursuant to 4(m), Plaintiff would have 90 days—through July 15, 2019—to effectuate service of process if the Defendants were domestic corporations. This time has not expired. Rule 4(m) does not limit the time to serve foreign defendants. *See, e.g., Nylock Corp. v. Fastener World Inc.*, 396 F.3d 805 (7th Cir. 2005) (reversing dismissal of lawsuit in trademark infringement lawsuit against foreign defendants, agreeing that time limit in Rule 4(m) does not apply to foreign service).

Nevertheless, out of an abundance of caution, Plaintiff moves for a 42-day extension of time to effectuate service on the named Defendants—to and including August 26, 2019. Defendants will not suffer harm if this extension is granted. After all, Defendants have had <u>actual receipt</u> of the Complaint for nearly two months now, and have retained counsel for this matter. In addition, Plaintiff should not be punished for negotiating in good faith, including agreeing to every demand by Defendants in effort to obtain the waivers of service, and following-up multiple times with Defendants' counsel to get some response in order to avoid utilizing this Court's scarce and finite time and resources.

Pursuant to S.D. Ind. L.R. 6-1, Plaintiff provides:

- the original deadline for service could arguably be July 15, 2019 and the requested extension is to and including August 26, 2019 [LR 6-1(a)(2)];
- the reasons why an extension is requested is because (1) the undersigned counsel has been negotiating in good faith with Defendants, including providing Plaintiff's agreement to extend Defendants' Answer deadline as a *quid pro quo* for Defendants' waivers of service, and (2) international service of process conforming to Hague Convention requirements will require translation of the Complaint into French and German (which otherwise would have been unnecessary with receipt of the waivers) and will require retention of other counsel to effectuate the international service [LR 6-1(a)(3)]; and
- a draft of this Motion is being sent to Defendants' counsel, Burt Ehrlich, on July 11, 2019, to obtain Defendants' position on whether it opposes this extension, but Defendants have not responded whether they object to this extension [LR 6-1(4)].

In addition, Plaintiff notifies the Court (and Defendants) of its intention to seek its costs to effectuate service due to Defendants' refusal to waive service.

/s/ *Patrick J. Olmstead, Jr.*
Patrick J. Olmstead, Jr., Attorney No. 25369-49
PATRICK OLMSTEAD LAW LLC
P.O. Box 1067
Greenwood, IN  46142
Telephone/Fax:  (317) 884-8524
E-mail:  polmstead@patrickolmsteadlaw.com

John M. Bradshaw
Bradshaw Law LLC
23 East 39th Street
Indianapolis, IN 46205
317.490.4852
john@jbradshawlaw.com

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on July 12, 2019.  In addition, a courtesy copy of this Motion will be e-mailed to Defendants' counsel, at burte@ladas.net.

/s/ *Patrick J. Olmstead, Jr.*

Patrick J. Olmstead, Jr.